John H. Pennock, J.
This is an article 78 proceeding commenced by the petitioner, Board of Education of Union Free School District No. 3, Town of Hempstead, against the Commissioner of Education of the State of New York. The petitioner prays for a judgment annulling the determination of the Commissioner of Education upon the grounds that the said appeal and determination made by the Commissioner were in excess of his jurisdiction, in violation of lawful procedure, arbitrary, capricious and an abuse of discretion. There was *155 no oral argument by either counsel, therefore the court is not aware of any different relief.
The respondent, in lieu of interposing an answer, moved to dismiss the petition on the grounds that it does not contain facts sufficient to constitute a cause of action. (CPLB 7804, ■subd. [f].)
An order of intervention was granted by Mr. Justice Mahoney on October 23, 1970, Special Term with conditions. The motion should have continued with that Special Term, but for some reason it was adjourned to this Special Term.
This court determines that the proceedings before the Commissioner involve an educational administrative policy in which the Commissioner has the prerogative to substitute his judgment for that of the local board. (Matter of Vetere v. Allen, 15 N Y 2d 259.) The board’s defense of laches which was summarily disposed of in the Commissioner’s decision, has no merit. Laches is an equitable doctrine which is invoked to bar a claim where a party’s inexcusable delay in instituting the claim has prejudiced the one who invokes the doctrine. (Zaccaro v. Congregation Tifereth Israel of Forest Hills, 20 N Y 2d 77.) Further, the 30-day rule of practice pertaining to the appeal by the teacher intervenor respondents can be waived by the Commissioner. All of these questions of law were properly determined. The Commissioner basically held that the teachers were part of the summer school program and the compensation must be in .accord with the summer .school salary schedule. Further, that a local board cannot avoid this rule by a collateral contract with teachers. All other facts found by the Commissioner were reasonably supported by the record.
The title is to be amended to include the intervenor respondents.
The petition is dismissed as a matter of law.